IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civ. No. 16-5376 |
| : | |
| **MARK K. ISHMAEL,** : | |
| **Defendant.** : | |
| : | |

**O R D E R**

In this student loan collection action, Plaintiff, the United States of America, asks me to allow it to serve the Summons and Complaint upon Defendant Mark K. Ishmael by publication and mail.  (Doc. No. 2.)  Because Plaintiff's efforts to locate and serve Defendant were insufficient, and because it has not shown that its proposed alternate service is reasonably calculated to put Defendant on notice, I will deny the Motion.

On October 13, 2016, Plaintiff filed its Complaint.  (Doc. No. 1.)  On December 29, 2016, Plaintiff moved for permission to serve Defendant by posting the Summons and Complaint at his last known address and sending copies to him at that address by certified and regular mail.  (Doc. No. 2); see Pa. R. Civ. P. 430(a).  Plaintiff's counsel avers that "[a]ttempts by a private process [sic] to serve Defendant at her [sic] last known address were unsuccessful," that "Defendant cannot be located," and that Defendant "cannot be found within the Eastern District of Pennsylvania and whose [sic] whereabouts are unknown."  (Doc. No. 2-2 ¶¶ 3-5.)

"Due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Under

the Federal Rules, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 430(a) provides that "[i]f service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). The motion must "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Id.

"Alternat[e] service is only appropriate as a 'last resort' when personal service cannot be made." United States v. Linares, No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting Johnson v. Berke Young Int'l, LLC, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007)); United States v. Chhay, No. 15-2078, 2015 WL 5460640, at *1 (E.D. Pa. Sept. 17, 2015) (same). To obtain leave for alternate service of process, a plaintiff must show that: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice.'" Linares, 2016 WL 7014192, at *1 (quoting Premium Payment Plan v. Shannon Cab Co., No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007) (quoting in turn Calabro, 464 F. Supp. 2d at 472)). Plaintiff has not met its burden under any of these factors.

First, Plaintiff's efforts to locate Defendant were insufficient. Acting through the same law firm as in Linares and Chhay, Plaintiff again relies solely on an Affidavit of Good Faith Investigation from ProVest, a legal support services firm. (Doc. No. 2-1, Ex. B) (ProVest affidavit ordered by KML Law Group, P.C.); Linares, No. 16-4463, Doc. No. 2-1, Ex. B (E.D.

Pa. Nov. 14, 2016) (same); Chhay, 15-2078, Doc. No. 2-1, Ex. B (E.D. Pa. Aug. 6, 2015) (same).  The affidavit includes a description of a Social Security death record search, an undefined employment search, an business records search, a creditor header inquiry, a department of motor vehicles records search, a professional licenses search, a military search, and FOIA inquiries to the U.S. Postal Service.  (Doc. No. 2-1, Ex. B.)  Almost none of these searches turned up any information, and Plaintiff provides no supporting documentation.  The affidavit also sets out failed attempts to call Defendant at "possible number[s]" and to call unnamed "possible relative[s]" and "possible neighbor[s]."  (Id.)  In both Linares and Chhay, this Court held identical investigative efforts to be insufficient.  See Linares, 2016 WL 7014192, at *2 ("In short, good faith efforts require more than a 'mere paper search.'" (quoting Deer Park Lumber, Inc. v. Major, 559 A.2d 941, 946 (Pa. Super. Ct. 1989))); Chhay, 2015 WL 5460640, at *2 (same).

      Second, Plaintiff has not shown that it has made practical efforts to serve Defendant.  Plaintiff attempted to serve Defendant at his last known address on Wednesday, November 30, 2016, at 8:28 p.m.; Thursday, December 1, 2016, at 4:36 p.m.; Tuesday, December 6, 2016, at 8:01 a.m.; and Sunday, December 11, 2016 at 5:39 p.m.  (Doc. No. 2-1, Ex. B.)  Four attempts may be insufficient where two occurred on consecutive days and three occurred in the evening hours.  See Linares, 2016 WL 7014192, at *2 ("[A]s many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant.").

      Finally, Plaintiff has not shown that publishing the Summons and Complaint at Defendant's last known address, and mailing copies to him there, is "reasonably calculated to provide the defendant with notice."  Plaintiff's inability to serve Defendant at this address

suggests that he may not live there, and that Plaintiff has failed to make diligent efforts to locate Defendant.  Indeed, Plaintiff's counsel avers that Defendant's "whereabouts are unknown." (Doc. No. 2-2 ¶ 5.)  Plaintiff thus cannot show that publication and mail to Defendant's last known address is reasonably calculated to provide Defendant with notice.

\* \* \*

**AND NOW**, this 5th day of January, 2017, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (Doc. No. 2) and all related submissions, it is hereby **ORDERED** that the Motion (Doc. No. 2) is **DENIED**.

                                                                                        **AND IT IS SO ORDERED.**

                                                                                        */s/ Paul S. Diamond*
                                                                                        _____

                                                                                        Paul S. Diamond, J.