## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 16-5376** |
| | : | |
| **MARK K. ISHMAEL,** | : | |
| **Defendant.** | : | |
| | : | |

## O R D E R

In this student loan collection action, Plaintiff, the United States of America, asks me to allow it to serve the Summons and Complaint upon Defendant Mark K. Ishmael by posting to property, mail, and publication.  (Doc. No. 11.)  Because I am satisfied that Plaintiff has made diligent efforts to locate and serve Defendant, and because Plaintiff's proposed alternate service is reasonably calculated to put Defendant on notice, I will grant the Motion.

On October 13, 2016, Plaintiff filed its Complaint.  (Doc. No. 1.)  On December 29, 2016, Plaintiff moved for permission to serve Defendant by posting the Summons and Complaint at Defendant's last known address and sending copies to him at that address by certified and regular mail.  (Doc. No. 2); <u>see</u> Pa. R. Civ. P. 430(a).  Because Plaintiff's initial efforts to locate and serve Defendant were plainly insufficient, I denied its Motion on January 5, 2017.  (Doc. No. 3.)

On March 13, 2017, Plaintiff renewed its Motion.  (Doc. No. 9.)  The next day, I denied the Motion without prejudice because Plaintiff asked me to allow service by publication, but did not specify in which newspapers it sought publication.  (Doc. No. 10); <u>see</u> <u>Olympic Steel, Inc. v.</u> <u>Pan Metal & Processing, LLC</u>, No. 11-6938, 2012 WL 682381, at *4 (E.D. Pa. Mar. 12, 2012) ("[W]ith respect to the 'reasonably calculated to provide notice' prong, 'the plaintiff must

specify the newspapers in which he intends to publish notice' so we can determine whether the proposed service by publication is reasonably calculated to reach the defendant." (quoting Barbosa v. Dana Capital Grp., Inc., No. 07-1724, 2009 WL 902339, at *7 (E.D. Pa. Mar. 31, 2009))).

That same day, Plaintiff filed a revised Motion, specifying that it sought publication in the *Legal Intelligencer* and the *Philadelphia Public Record*.  (Doc. No. 11.)  Because the *Philadelphia Public Record* did not appear to be a "newspaper of general circulation" for the purposes of Pennsylvania Rule of Civil Procedure 430(b)(1), I ordered Plaintiff to submit a Memorandum of Law addressing the issue.  (Doc. No. 12.)  I also ordered Plaintiff to address why publication in the *Philadelphia Public Record* would be reasonably calculated to reach Defendant, whether this Court had ever approved service by publication in the *Philadelphia Public Record*, and which newspapers of general circulation this Court has most often approved in permitting service by publication upon Philadelphia-based Defendants.  (Id.)

On April 17, 2017, Plaintiff filed its Memorandum.  (Doc. No. 13.)  Plaintiff states that it now seeks publication in the *Philadelphia Inquirer*, and addresses that publication rather than the *Philadelphia Public Record*.  (Id.)

 "Due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  Under the Federal Rules, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Pennsylvania Rule 430(a) provides that "[i]f

service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service."   Pa. R. Civ. P. 430(a).   The motion must "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."   Id.

"Alternat[e] service is only appropriate as a 'last resort' when personal service cannot be made."   United States v. Linares, No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting Johnson v. Berke Young Int'l, LLC, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007)); United States v. Chhay, No. 15-2078, 2015 WL 5460640, at *1 (E.D. Pa. Sept. 17, 2015) (same).   To obtain leave for alternate service of process, a plaintiff must show that: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice.'"   Linares, 2016 WL 7014192, at *1 (quoting Premium Payment Plan v. Shannon Cab Co., No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007)).

I am now satisfied that Plaintiff has made good faith efforts to locate Defendant.   In its first Motion, Plaintiff relied soley upon an Affidavit of Good Faith Investigation from ProVest— investigative efforts this Court has repeatedly held to be insufficient.   See, e.g., Memorandum, United States v. Smith, No. 16-5650, Doc. No. 3 at 4 (E.D. Pa. Jan. 30, 2017) ("Many other courts in this district have encountered almost identical "Affidavits of Good Faith Investigation." . . . [and] have concluded that these affidavits are insufficient to establish Plaintiff's good faith effort to locate the defendant."); Linares, 2016 WL 7014192, at *2 ("In short, good faith efforts require more than a 'mere paper search.'" (quoting Deer Park Lumber,

Inc. v. Major, 559 A.2d 941, 946 (Pa. Super. Ct. 1989))); Chhay, 2015 WL 5460640, at *2 (same).

Plaintiff's Counsel avers that Plaintiff has now conducted a second investigation, which included, *inter alia*, searches of United States Postal Service records, Pennsylvania Department of Transportation records, Pennsylvania voter registration records, Philadelphia property records, and Philadelphia Common Pleas Court civil dockets. (Solarz Aff. ¶ 2, Doc. No. 11-2.) Plaintiff has thus made sufficient good faith efforts to locate Defendant. See Linares, 2016 WL 7014192, at *2 (courts require the plaintiff to use most of the methods identified in the Official Note to Rule 430(a), which include "(1) inquiries of postal authorities . . . ; (2) inquiries of relatives, neighbors, friends and employers of the defendant; and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records").

Indeed, Plaintiff appears to have located Defendant. All Plaintiff's searches indicate that Defendant resides at 529 N. 65th Street, Apt. A, Philadelphia, PA 19151. (Solarz Aff. ¶ 2, Doc. No. 11-2.) Pennsylvania Department of Transportation records indicate that Defendant has a current driver's license bearing this address, which was issued on July 27, 2016. (Ex. D, Doc. No. 11-1 at 9.) Philadelphia property records indicate that Defendant and his wife purchased the property located at this address in 1999. (Ex. E, Doc. No. 11-1 at 11.) In addition, Defendant is currently registered to vote using this address, and he listed this address when commencing an arbitration action in Philadelphia Common Pleas Court in September 2015. (Exs. G, H, Doc. No. 11-1 at 14-19.) Moreover, it appears that Defendant initially communicated with the process server to arrange service, which suggests that he in fact lives at this address. (Ex. A, Doc. No. 11-1 at 1.)

I am also satisfied that Plaintiff has undertaken sufficient practical efforts to serve

Defendant.  Before filing its first Motion, Plaintiff attempted to serve Defendant at this address only four times:  on Wednesday, November 30, 2016, at 8:28 p.m.; Thursday, December 1, 2016, at 4:36 p.m.; Tuesday, December 6, 2016, at 8:01 a.m.; and Sunday, December 11, 2016 at 5:39 p.m.  (Ex. A, Doc. No. 2-1 at 2; Ex. A, Doc. No. 11-1 at 1.)  I found these efforts insufficient because two occurred on consecutive days and three occurred in the evening hours.  (See Doc. No. 3 at 3 (citing Linares, 2016 WL 7014192, at *2).)

Plaintiff has now made six additional attempts to serve Defendant:  on Sunday, February 26, 2017, at 12:55 p.m.; Friday, March 17, 2017, at 7:40 p.m.; Saturday, March 18, 2017, at 10:18 a.m.; Monday, March 20, 2017, at 2:06 p.m.; Tuesday, March 21, 2017, at 7:59 a.m.; and Saturday, March 25, 2017, at 9:37 a.m.  (Exs. B, I, Doc. No. 11-1 at 2, 20.)  The process server remained on location for 22 minutes on March 18, 15 minutes on March 20, and 17 minutes on March 21, but observed no movement at the property.  (Ex. I, Doc. No. 11-1 at 20.)  On March 18, he attempted to talk to Defendant's neighbor, who refused to cooperate.  (Id.)  Because Plaintiff has now made ten attempts to serve Defendant over some four months, I am satisfied that it has made all practical efforts under the circumstances.  See, e.g., Linares, 2016 WL 7014192, at *2 ("[A]s many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant."); Olympic Steel, Inc., 2012 WL 682381, at *3 (permitting alternate service after six failed attempts at service); United States v. Muhammad, No. 08-5745, 2009 WL 605996, at *2 (E.D. Pa. Mar. 9, 2009) ("attempt[ed] service on six days of the week and at different times of day" constituted practical efforts).

Finally, Plaintiff's proposed alternate means of service are reasonably calculated to put Defendant on notice.  Posting at, and mailing to, Plaintiff's last known address—529 N. 65th

Street, Apt. A, Philadelphia, PA 19151—will place Defendant on notice at what appears to be his legal residence.  See Olympic Steel, Inc., 2012 WL 682381, at *4.  In addition, publishing in the *Legal Intelligencer* and the *Philadelphia Inquirer* "will provide for notice in the unlikely event that defendant[] . . . avoids the legal residence in a[n] . . . attempt to evade service."  Id. (quoting Premium Payment Plan, 2007 WL 2319776, at *2).

**AND NOW**, this 18th day of April, 2017, upon consideration of Plaintiff's Motion for Service by Posting Property, Certified Mail, and Publication (Doc. No. 11), Plaintiff's Supplemental Memorandum of Law (Doc. No. 13), and all related submissions, it is hereby **ORDERED** that the Motion (Doc. No. 11) is **GRANTED**.  Plaintiff shall effect service upon Defendant Mark K. Ishmael by:

1. Posting copies of the Summons and Complaint at Defendant's last known address, 529 N. 65th Street, Apt. A, Philadelphia, PA 19151;

2. Sending copies of the Summons and Complaint by regular mail and certified mail, return receipt requested, to Defendant's last known address, 529 N. 65th Street, Apt. A, Philadelphia, PA 19151; and

3. Publishing notice once in the *Legal Intelligencer* and the *Philadelphia Inquirer* in the format required under Pennsylvania Rule of Civil Procedure 430(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff shall effect service as ordered above **no later than April 21, 2017**.  In addition, Plaintiff shall file an Affidavit of Service on the Docket **no later than April 24, 2017**, along with supporting documentation reflecting that Plaintiff served process in accordance with this Order.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.